UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

| Case No. | CR 13-403-CAS | Date | Sept. 23, 2014 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Laura Elias | Jeff Mitchell<br>Christopher Brunwin |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| AARON RAMOS | X | X | | ALYSSA BELL, DFPD | X | X | |
| | | | | SAMUEL JOSEPHS, DFPD | X | X | |

**Proceedings:** DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE PURSUANT TO FED. R. EVID. 401, 403, 404(b) (Dkt. 211, filed Sept. 19, 2014)

## I.   INTRODUCTION

On September 19, 2014, defendant Aaron Ramos field a motion in limine to exclude evidence pursuant to Federal Rules of Evidence 401, 403, and 404(b). Dkt. 211. The government opposed the motion on September 22, 2014. Dkt. 213. Having considered the parties' arguments, the Court finds and concludes as follows.

## II.   DISCUSSION

Ramos first seeks to exclude certain statements made in a conversation between Ramos and the confidential informant (CI) on February 10, 2010, pursuant to Rules 401, 403, and 404(b). In this conversation, the CI calls Ramos a "cristalero," Ramos alludes to burning a truck in exchange for methamphetamine, and Ramos also suggests that he has been able to obtain methamphetamine from others at the price of $1,200 per ounce. Def. Mot. at 8-10. The Court finds that these statements should not be excluded. As argued by the government, these statements are not 404(b) evidence. Gov't Opp'n at 3. Rather, they constitute direct evidence of the two charged offenses, since the conversation appears to be part of the negotiations in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

which Ramos allegedly agreed to sell the CI two ounces of methamphetamine.  See United States v. Lillard, 354 F.3d 850, 854 (9th Cir.2003) ("[Rule 404(b)] is inapplicable, however, where the evidence the government seeks to introduce is directly related to, or inextricably intertwined with, the crime charged in the indictment.").  Accordingly, the Court DENIES defendant's motion to exclude statements made in the conversation between Ramos and the CI.

Second, the defense seeks to exclude two emails sent by Ramos to his wife in March 2014, pursuant to Rules 401 and 403.  Def. Mot. at 10-11.  In the emails, Ramos references a "paper" that he needs to "sing [sic]" before March 3, 2014.  Id. at 10, Ex. C.  The government appears to argue that these emails indicate that Ramos intended to enter a guilty plea, and are thus probative of Ramos's "consciousness of guilt."  Id. at 10-11; see generally Gov't Opp'n.  The Court finds that these emails should be excluded.  First, it is not clear from the emails that Ramos is discussing the possibility of pleading guilty; thus, the relevance of the emails is minimal.  See Fed. R. Evid. 401.  Second, even if Ramos were discussing this possibility, the probative value of this evidence is similarly minimal, since defendants consider pleading guilty for myriad reasons.  See Fed. R. Evid. 403.  Accordingly, the Court GRANTS defendant's motion to exclude emails sent by Ramos to his wife.

Finally, Ramos seeks to exclude the expert testimony of LAPD Officer Charles Derosier regarding the meaning of certain coded drug slang.  Def. Mot. at 7.  The defense argues that it did not have a fair opportunity to prepare to address this testimony, since it allegedly received notice of it "a mere two business days before trial."  Id. at 12.  Further, the defense asserts that the government's notice is deficient, in that it does not summarize the substance of Officer Derosier's proposed testimony.  Id.  The government responds that, as a matter of law, law enforcement officers "are entitled to offer such testimony, based on their training, experience and their knowledge of the facts of the case."  Gov't Mot. at 5 (citing United States v. Gadson, 2014 WL 4067203, *14 (9th Cir. 2014).  Further, the government asserts that it provided adequate notice of this testimony to the defense when it generally discussed the expert testimony in its September 8, 2014 trial memorandum.  Id. at 6.  The Court finds that the defense received adequate notice of the content of the expert's testimony.  Accordingly, the Court DENIES without prejudice Ramos's motion to preclude the government from offering the expert testimony of Officer Derosier regarding drug slang.  However, the defense may make objections to specific questions posed to the expert at trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

### III.  CONCLUSION

In accordance with the foregoing, the Court DENIES defendant's motion to exclude statements made in the February 10, 2010 conversation between Ramos and the CI.  The Court GRANTS defendant's motion to preclude introduction of emails sent by Ramos to his wife.  The Court DENIES without prejudice defendant's motion to preclude expert testimony concerning the meaning of coded drug slang.

IT IS SO ORDERED.

|  | 00 | : | 06 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |